1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11     RENA WYMAN,                              No.  2:18-cv-02621-TLN-EFB

12                    Plaintiff,

13            v.                                **ORDER**

14     HIGH TIMES PRODUCTIONS, INC., and
       CALIFORNIA EXPOSITION AND
15     STATE FAIR

16                    Defendants.

17

18

19            This matter is before the Court on Theodore G. Spanos's ("Spanos") Motion to Withdraw

20     as Counsel for Defendant High Times Productions, Inc. ("Defendant").  (ECF No. 45.)  Plaintiff

21     Rena Wyman ("Plaintiff") filed an opposition.  (ECF No. 46.)  Defendant filed a reply.  (ECF No.

22     47.)  Also before the Court is Plaintiff's Motion to Enforce the Settlement Agreement.  (ECF No.

23     38.)  Defendant filed a non-opposition.  (ECF No. 42.)  For the reasons set forth below, the Court

24     DENIES Spanos's motion to withdraw and GRANTS Plaintiff's motion to enforce the Settlement

25     Agreement.

26     ///

27     ///

28     ///

1

1        **I.     FACTUAL AND PROCEDURAL BACKGROUND**

2            Plaintiff suffers from a neurological disorder and physical disability, and she uses a

3    wheelchair.  (ECF No. 1 at 2.)  Plaintiff alleges she has long been interested in attending

4    Defendant's cannabis-related events, but she has suffered discriminatory treatment and lack of

5    access to the events.  (*Id.*)  On September 24, 2018, Plaintiff brought various federal and state law

6    claims against Defendant, seeking declaratory relief, injunctive relief, and damages.  (*Id.* at 2–3.)

7            On September 30, 2019, the parties filed a notice of settlement and attached copies of the

8    Settlement Agreement ("the Agreement").  (ECF No. 36.)  The Agreement requires Defendant to

9    provide individual compensation to Plaintiff in the amount of $40,000 in cash and $10,000 worth

10   of stock within 30 days of the Effective Date.  (*Id.* at 11.)  The Agreement also requires

11   Defendant to provide a cash payment to Plaintiff's counsel in the amount of $45,000 within 30

12   days of the Effective Date.  (*Id.* at 12.)  The Agreement defines the "Effective Date" as "the date

13   on which this Agreement is fully executed by all the Parties."  (*Id.* at 6.)  The Agreement was

14   executed by all parties on September 25, 2019, making the payments due on October 25, 2019.

15   (*See id.* at 16.)

16           It is undisputed that Defendant has not complied with the terms of the Agreement.

17   Although Defendant requested three separate extensions from Plaintiff, Defendant repeatedly

18   failed to make the required payments on the promised dates.  (*See* ECF No. 38 at 6.)  On

19   November 14, 2019, Plaintiff filed a motion to enforce the Agreement.  (ECF No. 38.)  Defendant

20   filed a non-opposition, which stated "it is anticipated that [Defendant] will comply with the terms

21   of the Settlement Agreement on or before January 15, 2020."  (ECF No. 42 at 2.)  Defendant did

22   not make any payments by January 15, 2020.  (*See* ECF No. 47 at 2.)

23           On February 21, 2020, Spanos filed a motion to withdraw as counsel for Defendant.  (ECF

24   No. 45.)  Spanos concedes Defendant has not complied with the Agreement, but he asks to

25   withdraw based on a "complete lapse" of communication with Defendant.  (*Id.* at 4.)

26       **II.    STANDARD OF LAW**

27           The local rules of this district require an attorney who would withdraw and leave his or

28   her client without representation to obtain leave of court upon a noticed motion.  E.D. Cal. L.R.

1    ("Local Rule") 182(d).  Local Rule 182(d) also requires an attorney to provide notice to the client

2    and all other parties who have appeared, and an affidavit stating the current or last known address

3    of the client.  *Id.*  Finally, to comply with Local Rule 182(d), the attorney must conform to the

4    requirements of the California Rules of Professional Conduct.  *Id.*  Rule 1.16(b)(4) of the

5    California Rules of Professional Conduct permits an attorney to withdraw from representing a

6    client where the client has rendered it "unreasonably difficult" for the attorney to carry out the

7    representation effectively.

8         The decision to grant or deny a motion to withdraw is within a court's discretion.

9    *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-cv-AWI-SKO-01174, 2011 WL 1087117,

10   at *1 (E.D. Cal. Mar. 24, 2011).  District courts within this circuit have considered several factors

11   when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the

12   client, prejudice to the other litigants, harm to the administration of justice, and possible delay.

13   *See*, *e.g.*, *Deal v. Countrywide Home Loans*, No. 09-cv-01643-SBA, 2010 WL 3702459, at *2

14   (N.D. Cal. Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 08-cv-02999-MCE-KJM,

15   2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-

16   00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

17        **III.    ANALYSIS**

18             A.     Motion to Withdraw

19        In moving to withdraw, Spanos states his law firm has been in bankruptcy since January 3,

20   2020.  (ECF No. 45 at 6.)  Spanos further states that since that date, he has been unable to

21   communicate with Defendant.  (*Id.*)  More specifically, Spanos states he notified Defendant by

22   email and telephone that he cannot continue representing it, but Defendant never replied.  (*Id.*)

23   Spanos states he sent Defendant an email on February 19, 2020, notifying Defendant that if it did

24   not respond, Spanos would file a motion to withdraw.  (*Id.*)  Spanos also states he attempted to

25   call Defendant "on a number occasions," but he did not receive a response.  (*Id.*)  According to

26   Spanos, this lack of communication renders it "unreasonably difficult" to continue as counsel for

27   Defendant.  (*Id.* at 4.)

28   ///

1    In opposition, Plaintiff argues the Court should not allow Spanos to withdraw for several

2    reasons: (1) Spanos did not identify substitute counsel as required for corporate entities like

3    Defendant; (2) Spanos failed to take reasonable steps to avoid prejudice to both parties; (3) the

4    grounds for withdrawal are unfounded; and (4) withdrawal will cause undue delay and prejudice

5    to Plaintiff.  (ECF No. 46 at 4–9.)

6                                *i.        Prejudice to Defendant*

7    The California Rules of Professional Conduct require an attorney who is seeking to

8    withdraw to take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the

9    client." *See* Cal. Rules of Prof. Conduct 1.16(d).  In this district, a corporation may not appear

10   without representation.  E.D. Cal. L.R. 183(a).  An unrepresented corporation cannot file any

11   pleadings, make or oppose any motions, or present any evidence, and would thus be subject to the

12   risk of entry of default and default judgment.  *See Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480

13   F.3d 993, 998 (9th Cir. 2007); *see also Galtieri-Carlson v. Victoria M. Morton Enters., Inc.*, No.

14   2:08-CV-1777, 2010 WL 3386473, at *2-3 (E.D. Cal. Aug. 26, 2010).  "It is the duty of the trial

15   court to see that the client is protected, so far as possible, from the consequences of an attorney's

16   abandonment." *Magellan Grp.*, 2009 WL 3367489, at *2 (denying motion to withdraw where

17   corporation would be left unrepresented by counsel) (citations omitted).

18   Although Spanos claims he has "fulfilled [his] obligations to resolve this matter," it is

19   undisputed that the matter is not yet resolved.  (*See* ECF No. 45 at 3.)  Spanos admits Defendant

20   has not made any payments as required by the Agreement.  Until Defendant has complied with

21   the terms of the Agreement, it is likely Defendant will continue to require representation in this

22   matter.  If Defendant is unrepresented, it will be unable to file pleadings, make or oppose

23   motions, or present evidence. *Emp. Painters' Tr.*, 480 F.3d at 998.  Thus, Defendant would risk

24   the possibility of default judgments or other sanctions.  These risks clearly constitute "reasonably

25   foreseeable prejudice."

26   Moreover, Spanos has not shown he has taken reasonable steps to avoid such prejudice.

27   Neither Spanos nor Defendant has informed the Court of new substitute counsel.  In his reply,

28   Spanos vaguely claims he informed Defendant of the consequences of not having counsel and

4

1   Defendant declined to consent to a substitution of counsel, but Spanos does not cite any specific

2   attempts he made to assist Defendant in locating substitute counsel.  (*See* ECF Nos. 45, 47.)

3   Absent more details about Spanos's specific communications with Defendant or attempts to

4   locate substitution, the Court is unable to ascertain whether Defendant fully understands and

5   assents to the consequences of Spanos's withdrawal.

6          As it is, the Court concludes Defendant would be prejudiced by granting Spanos's motion

7   to withdraw.

8                          *ii.      Prejudice to Plaintiff and Possible Delay*

9          Spanos does not address the potential for undue delay or prejudice to Plaintiff.  (*See* ECF

10   Nos. 45, 47.)  Regardless, it is clear that Plaintiff will be prejudiced by granting Spanos's motion.

11   Defendant's payment to Plaintiff is long overdue.  (ECF No. 38 at 3.)  Allowing Spanos to

12   withdraw without identifying a substitution of counsel will inevitably delay Plaintiff's payment

13   even further.  Such delay will likely increase Plaintiff's costs associated with pursuing the

14   settlement payment.  *See Magellan Grp*, 2009 WL 3367489, at *7 (declining to "allow the undue

15   delay to other litigants that would result from waiting for a party, who is apparently uninterested

16   in litigation, to begrudgingly locate an attorney to assist them in continuing the litigation they

17   seek to avoid").

18          As such, the Court concludes possible delay and prejudice to Plaintiff weigh against

19   granting Spanos's motion to withdraw.

20                          *iii.      The Reason for Withdrawal*

21          As mentioned, California Rule of Professional Conduct 1.16(b)(4) permits an attorney to

22   withdraw from representing a client where the client has rendered it "unreasonably difficult" for

23   the attorney to carry out the representation effectively.  However, conclusory assertions that there

24   was a communication breakdown is not sufficient to warrant withdrawal.  *Amazon Logistics, Inc.*

25   *v. Mann Bros. Transp., Inc.*, No. 1:19-cv-01060-DAD-SAB, 2020 WL 2194005, at *4 (E.D. Cal.

26   May 6, 2020).  Courts in this circuit have considered how much effort an attorney must expend in

27   trying to contact an unresponsive client.  *See, e.*g, *Correia v. The Nat'l R.R. Passenger Corp.*,

28   Civ. No. 14-4504 DMR, 2015 WL 4606064, at *2 (N.D. Cal. July 31, 2015) (granting an

1    attorney's motion to withdraw when attorney obtained a comprehensive report of the client's

2    contact information, called, emailed, and mailed the client notice with return receipt requested,

3    used an address obtained through Facebook, contacted the client's friends and acquaintances, and

4    hired an investigator to help locate the client and serve him with the motion to withdraw); *El*

5    *Hage v. U.S. Sec. Assocs., Inc.*, No. C06-7828 TEH, 2007 WL 4328809, at *1-2 (N.D. Cal. Dec.

6    10, 2007) (granting an attorney's motion to withdraw when the attorney called, mailed, and

7    emailed the client, contacted the publisher of a book written by the client, performed internet

8    searches on three different websites that specialized in compiling personal information, conducted

9    a search using Accurint, completed a forwarding address request with the United States Postal

10   Service, and sent notice by registered mail to all reasonable potential addresses located by the

11   attorney's investigation).  These cases demonstrate that although each attorney's contact attempts

12   are evaluated on a case-by-case basis, the attorney must make a reasonably diligent effort in good

13   faith to contact his or her unresponsive client.

14        Here, Spanos provides only vague, conclusory statements regarding his attempts to

15   contact Defendant.  (*See* ECF No. 45 at 6.)  Spanos indicates he only has one client contact for

16   Defendant, and he has only attempted to contact this one individual.  (*Id.*)  Yet Spanos fails to

17   demonstrate that he was unable to contact Defendant through other sources.  Further, Spanos

18   claims his attempts to contact the client contact were "by email and by telephone."  (*Id.*)  Yet

19   Spanos does not specify details such as how many emails he sent or how many phone calls he

20   made, only that he reached out "on numerous occasions."  (*See id.*)  Likewise, Spanos does not

21   provide the dates for the majority of these alleged attempts, although it bears mentioning that

22   Spanos sent Defendant an email threatening withdrawal from representation a mere two days

23   prior to filing the instant motion.  (*See* ECF No. 45.)  In the absence of sufficient detail and given

24   the prejudice both parties may suffer if Spanos withdraws without substitute counsel, Spanos fails

25   to persuade the Court that it was unreasonably difficult to communicate with Defendant.

26        In sum, based on the prejudice to the parties, undue delay, and Spanos's failure to

27   convince the Court that there are grounds for withdrawal, the Court DENIES Spanos's motion to

28   withdraw.

1               B.      Motion to Enforce the Settlement Agreement

2         "Generally, federal courts lack jurisdiction to enforce settlement agreements." *Holst v.*

3 *Ridge*, 78 F. App'x 580, 581 (9th Cir. 2003) (citations omitted).  "However, an exception to this

4 rule occurs where the order dismissing the action, by agreement of the parties, incorporates the

5 terms of the settlement agreement or otherwise expressly indicates that the court intends to retain

6 jurisdiction over the settlement agreement." *Id.*

7         In approving the Agreement and dismissing the case, the Court expressly stated that it

8 "retains jurisdiction over this case with respect to Defendant High Times Productions, Inc. to

9 enforce the terms of the settlement of Plaintiff's claims against High Times." (ECF No. 37 at 2.)

10 As such, the Court retains jurisdiction to enforce the Agreement.  As already discussed, it is

11 undisputed that Defendant has failed to comply with the terms of the Agreement.  Therefore, the

12 Court GRANTS Plaintiff's motion to enforce the Agreement.

13         **IV.**    **CONCLUSION**

14         Based on the foregoing, the Court hereby DENIES the Motion to Withdraw without

15 prejudice (ECF No. 45).  In addition, the Court GRANTS Plaintiff's Motion to Enforce the

16 Settlement Agreement (ECF No. 38) as follows:

17               1.  Defendant is ordered to pay the balance due under the Settlement Agreement

18                  — $40,000 in cash and $10,000 worth of stock to Plaintiff, plus $45,000 in

19                  cash to Plaintiff's counsel — within seven (7) days of this Order;

20               2.  The Court concurrently issues a separate Judgment against Defendant for the

21                  balance due; and

22               3.  This Court retains jurisdiction over settlement enforcement and may issue

23                  further orders in order to effectuate the settlement and do justice.

24       IT IS SO ORDERED.

25 DATED:  November 2, 2020

26

27

28

                                           Troy L. Nunley
                                         United States District Judge

7